In re The Marriage of Elizabeth
SHELOR, Respondent,

v.

Thomas Ryland SHELOR, Appellant.

No. 48094.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 26, 1984.

Richard A. Gartner, St. Ann, for appellant.

Keith W. Hazelwood, St. Charles, for respondent.

GAERTNER, Judge.

Husband appeals from that portion of a decree of dissolution distributing marital assets. He contends the trial court erred in awarding a disproportionate share of these assets to wife and by failing to distribute all the marital and non-marital property as required by § 452.330, RSMo.Supp. 1984. We affirm.

The principles of appellate review of dissolution cases are firmly established. The division of marital property lies within the sound discretion of the trial court. The appellate court will disturb the trial court's judgment only where it is "improper under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), or an abuse of discretion is shown. *Colabianchi v. Colabianchi*, 646 S.W.2d 61, 64 (Mo. banc 1983)." *Dardick v. Dardick*, 670 S.W.2d 865, 868 (Mo. banc 1984).

On appeal, the appellant has the burden of proving the trial court's order was incorrect. *Mills v. Mills*, 663 S.W.2d 369, 372 (Mo.App.1983). Under § 452.330, Supp.1984, the trial court is required to divide the marital property in a just, fair and equitable manner. However, this division does not have to be equal. *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo.App.1983). Thus, the appellate court will only interfere if the division is so heavily weighted against one party so as to equal an abuse of discretion. *Metts v. Metts*, 625 S.W.2d 896, 899 (Mo.App.1981).

We find no abuse of discretion. Most of the marital assets were acquired by commingling property owned by the parties prior to the marriage. The evidence shows the wife's contribution to this commingling of assets to be considerably greater than that of husband. One factor for the consideration of the trial court in apportioning marital assets is the contribution of each spouse. § 452.330.1(1), Supp. 1984. Therefore, the mere fact that wife received a larger share of the marital assets does not warrant a finding that the trial court abused its broad discretion.

However, husband points to two incidents which he characterizes as wife's misconduct which, he contends, the trial court erroneously failed to consider. Each incident involved withdrawal by wife of funds from joint accounts. She testified, and husband did not refute, that the first withdrawal had been repaid. Funds obtained from the second withdrawal, made shortly before her petition for dissolution was filed, were accounted for and charged against her share of marital assets. She made no attempt to conceal the withdrawal. The trial court could reasonably find that these incidents did not constitute marital misconduct. *McCall v. McCall*, 574 S.W.2d 496, 498 (Mo.App.1978). In any event, the weight to be placed upon the wife's actions was squarely within the domain of the trial court. *Fields v. Fields*, 643 S.W.2d 611, 617 (Mo.App.1982). No abuse of discretion appears here.

After the separation of the parties their Missouri residence was sold and wife

moved to Virginia. As a fringe benefit of her employment by the federal government, she received reimbursement for the expenses of this transfer of employment, including moving expenses and the real estate commission paid in connection with the sale of the residence. Husband charges trial court error in failing to designate this reimbursement as marital property. It is undisputed that wife alone was paid this reimbursement based upon her employment after the commencement of the dissolution action. The decree, without characterizing the reimbursement expressly, recited that no allowance therefrom was made to the husband. In effect, this amounted to a designation of the fund as wife's separate property. Such a determination is in accord with the 1981 amendment to § 452.330.3. The prior statute designated as marital property all assets acquired prior to the entry of the decree of dissolution. The 1981 amendment establishes a cut-off date for common ownership as of the time of the commencement of the dissolution action.

Finally, husband argues that the failure to make any allowance of a portion of this reimbursement, as expressly set forth in the decree, is contrary to the oral pronouncement of the trial judge that "the court is not making any award or any allowance for the commissions on that property." If there is any inconsistency here, and we have difficulty in ascertaining any, it is of no import. Missouri courts have long held that the decretal portion of an order and not mere recitals, findings, memoranda or opinions is controlling. If there is any inconsistency between the recital and the decree, the latter controls. *Casper v. Lee*, 245 S.W.2d 132, 141 (Mo. banc 1952); *Page v. Page*, 516 S.W.2d 537, 539–40 (Mo.App.1974).

The judgment is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.