Lamar C. STARRETT,
Petitioner-Respondent,

v.

Malba STARRETT,
Respondent-Appellant.

No. 49362.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 24, 1985.

Rehearing Denied
Jan. 28, 1986.

Harold G. Johnson, St. Ann, for petitioner-respondent.

John L. Davidson, Jr., Charles E. Taylor, Greenfield, Davidson & Ward, St. Louis, for respondent-appellant.

DOWD, Presiding Judge.

This proceeding originated under a petition for dissolution of marriage. The answer to the petition denied that the marriage was irretrievably broken and was accompanied by a counterclaim for legal separation. The circuit court entered its decree ordering legal separation, the division of marital property, maintenance and attorneys fees. Respondent wife's motion to amend the decree was denied with one exception relating to attorneys fees from a separate action in Illinois. Wife appeals from decree. Affirmed as modified.

The parties were married on June 30, 1957, and separated on April 24, 1982. Husband testified that he moved from the marital residence in O'Fallon, Illinois to an apartment in St. Ann, Missouri after separating from his wife.

Husband began his present employment as a logistics engineer with McDonnell Douglas Corporation in July of 1980. He currently earns $331.92 net weekly. Prior to his employment with McDonnell Douglas, he served in the Air Force for twenty-two years and the Navy for two years, respectively. He currently receives a military retirement pension of $1,002.24 net per month.

Wife received a Bachelor of Arts degree with a major in elementary education from Furman University in South Carolina in 1954. However, she did not thereafter pursue a teaching career. Their son, now emancipated, was born with a congential heart disease which required multiple corrective operations. Although she occasionally held part-time jobs to supplement the family's income, she primarily functioned as a homemaker. Her last employment was as a bankteller, earning a net income of $267.00 biweekly.

Wife raises five points on appeal: (1) that husband failed to prove that he had been an actual resident of Missouri for ninety days prior to filing his petition for dissolution of marriage; (2) error in treating husband's military retirement pension as maintenance rather than marital property; (3) error in treating rehabilitative maintenance as maintenance in gross; (4) failure to consider the factors in § 452.330 RSMo 1981 and § 452.335(2) RSMo 1978;[1] and (5) abuse of the court's discretion in awarding attorneys fees.

Wife first contends that husband failed to establish residence in Missouri for ninety days prior to filing his petition for dissolution of marriage, § 452.305(1),[2] for the reason he had earlier filed a petition for disso-

---

1. All references are to RSMo 1978 unless otherwise specified.

2. Section 452.305(1) provides:

1. The Circuit Court shall enter a decree of dissolution of marriage if:

(1) The court finds that one of the parties has been a resident of this state ... for ninety

lution in Illinois[3] averring residence in Illinois in conflict with his statement of intent to reside permanently in Missouri.

Husband's Missouri petition for dissolution averred residence in this state for ninety days preceding the institution of the present proceeding on February 12, 1983, i.e., from November 13, 1982, to February 12, 1983. Wife admits this allegation in her amended answer. On direct examination, husband testified that he moved to Missouri from O'Fallon, Illinois after he separated from his wife on April 25, 1982, with the intent to make Missouri his permanent residence. On cross examination, counsel for wife established that husband filed a petition for dissolution in Illinois on June 9, 1982, averring residence in Illinois for one year prior to the filing of the petition. The Illinois petition was admitted into evidence.[4] Wife argues that the averments in husband's Illinois dissolution petition vitiate his intent to reside permanently in this state. We disagree.

■■■ Residence in this state in conformity with § 452.305(1) is a jurisdictional fact which must be pleaded and proved. *Scotton v. Scotton,* 359 S.W.2d 501, 507 (Mo.App.1962). The parties stipulations as to jurisdiction do not confer jurisdiction on the trial court. *Bradley v. Bradley,* 295 S.W.2d 592, 596 (Mo.App.1956); *Berry v. Berry,* 620 S.W.2d 456, 458 (Mo.App.1981). Nor is the averment of Illinois residence in husband's earlier petition for dissolution in Illinois a binding judicial admission; it constitutes only an admission against interest to be considered by the trial court along with the other evidence. *May v. May,* 294 S.W.2d 627, 634 (Mo.App.1956); *Berry v. Berry,* 620 S.W.2d 456, 458 (Mo.App.1981).

■■■ We have reviewed the evidence before the court below and find that the only conflict created by the Illinois petition in regard to husband's Missouri residency pertains to the period *prior to* June 9, 1982. The critical period of residence under § 452.305(1) for purposes of the present dissolution proceeding is, however, November 13, 1982 to February 12, 1983. Clearly, the conflict created by husband's admission against interest relates to a time considerably remote from the relevant statutory period under § 452.305(1). As a result, we fail to perceive the manner in which husband's Illinois petition vitiates his evidence of Missouri residence during the critical ninety day period.

For her second point, wife contends that the court erred in awarding husband's military retirement pension as maintenance rather than marital property in the separation decree.

The relevant provisions of the separation decree provides:

> Petitioner shall pay to respondent periodic maintenance in a monthly sum equal to one-half of the military retirement pay received by petitioner from the U.S. Government. Petitioner shall execute all documents necessary so that monthly payment to respondent of one-half of the retirement benefits shall be paid directly to her. Further, petitioner is ordered to retain the survivor benefit plan so that should he predecease respondent, she shall continue to receive such benefits during her life time. The court further finds that the current net monthly military retirement benefit is $1,002.24 and should this sum change in the future it shall not be necessary for the parties to modify this decree and that the assignment of interest of petitioner of one-half of his monthly benefits shall permit said adjustments without court approval or order.

The question whether military retirement pensions are divisible as marital property has been recently settled by our courts in the aftermath of the U.S. Supreme Court's decision in *McCarthy v. McCarthy,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589

---

days next preceding the commencement of the proceeding.

**3.** Husband dismissed his Illinois petition prior to the filing of his petition in this state.

**4.** Wife presented no other evidence at the hearing to rebut husband's evidence of residence in Missouri for the statutory period under § 452.-305(1).

(1981) and the subsequent enactment of the Uniform Services Former Spouses' Protective Act, 10 U.S.C. § 1408 (1982).[5] Military retirement pensions have again been held divisible as marital property. *Coates v. Coates,* 650 S.W.2d 307, 312 (Mo.App.1983); *Sink v. Sink,* 669 S.W.2d 284, 285 (Mo.App. 1984).

Respondent concedes that our courts currently treat military retirement pensions as marital property, but contends that nothing in 10 U.S.C. § 1408 and our cases preclude treating military retirement pay as maintenance as in the present decree. We disagree.

10 U.S.C. § 1408(c)(1) expressly authorizes the treatment of military retirement pay as *"property* solely of the member or as *property* of the member and his spouse in accordance with the law of the jurisdiction of such court." (emphasis added). Furthermore, under §§ 452.330.4 RSMo (1981) and 452.360.2 once the division of marital property becomes final it is not subject to modification. *Leventhal v. Leventhal,* 629 S.W.2d 505, 507 (Mo.App.1981). In contrast, periodic maintenance can be modified by motion under § 452.370(1) RSMo (1982) upon a showing of changed circumstances. *Welker v. Welker,* 680 S.W.2d 282, 285 (Mo.App.1984).

■ In conclusion, although we agree with the trial court's award of one-half husband's military retirement pension to wife, we find it erred in treating the pension as periodic maintenance rather than distributing it as marital property. We, therefore, vacate the decretal language awarding periodic maintenance and amend the decree to distribute one-half husband's military retirement pension to wife as marital property. Rule 84.14. In all other respects the other provisions regarding the award of one-half the military pension are affirmed.

■ For her third point, wife contends that the trial court erred in awarding maintenance in gross to her rather than rehabilitative maintenance.

At the close of the hearing, the judge made the following statements:

> I am awarding rehabilitative maintenance of $300.00 a month for three years. I think that the evidence indicates to me during that period of time that Mrs. Starrett—two things—will have the benefit of having sold the house and the benefit of having received her net proceeds from the house and those monies; and this $300.00 is non-modifiable. Its a rehabilitative type of maintenance.

However, in its decree of August 3, 1984, the court awarded wife "maintenance in gross of $10,800.00 to be paid at a rate of $300.00 per month until paid in full." We do not find the court's recital inconsistent with the decretal award of maintenance in gross. Our examination of the court's pronouncement indicates merely that it thought wife would need limited maintenance until she received the proceeds from the sale of the house and started to receive her portion of husband's military retirement pension payments. On the other

5. In *McCarthy v. McCarthy,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589, decided June 26, 1981, the court held that federal law precluded a state court from dividing military non-disability retirement pay as community property. 453 U.S. at 233, 101 S.Ct. at 2741. Prior to *McCarthy,* Missouri courts held that military retirement pay was divisible as marital property. *In re Marriage of Weaver,* 606 S.W.2d 243, 244 (Mo.App.1980); *Daffin v. Daffin,* 567 S.W.2d 672, 679 (Mo.App.1978). Our cases following the *McCarthy* decision, however, held that military retirement pay was not divisible as marital property. *Pruitt v. Pruitt,* 622 S.W.2d 767, 768 (Mo.App.1981). Thereafter, Congress enacted the Uniform Services Former Spouses' Protective Act, Public Law 97–252, 96 Stat. 730, codified as 10 U.S.C. 1408, which in effect reversed the *McCarthy* decision retroactive to June 25, 1981. *Dildy v. Dildy,* 650 S.W.2d 324, 330 (Mo. App.1983).

10 U.S.C. 1408(c)(1) provides that ... "a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse *in accordance with the law of the jurisdiction of such court"* (emphasis added). Thus, the act permits each state to apply its own pre-*McCarthy* law on classification and division of military retirement pay.

hand, there is no indication that the court intended the award to be used by wife during this period to obtain training or additional education to enable her to become more self sufficient nor does the record support such a result.[6] *See, e.g., Pederson v. Pederson*, 599 S.W.2d 51, 53 (Mo.App.1980); *Cole v. Cole*, 633 S.W.2d 263, 264 (Mo.App.1982). Thus, we fail to perceive the manner in which the court's pronouncement is contrary to the decretal provision of maintenance in gross. Missouri courts have long held that the decretal provisions of an order and not mere recitals, findings, memoranda, or opinions are controlling. If there is any inconsistency between the recitals and the decree, the latter controls. *Shelor v. Shelor*, 683 S.W.2d 647, 649 (Mo.App.1984).

■ In her fourth point, wife contends that the trial court failed to properly apply the factors in § 452.330 RSMo 1981 and § 452.335(2) relative to the division of marital property and the award of maintenance. The record indicates that the court ordered the principal item of marital property, the couple's residence, sold, and the proceeds therefrom to be applied first to pay off the couple's pre-existing debts, then to be divided equally between them. In addition, the court awarded most of the household furnishing to the wife. Wife shall also receive one-half husband's net monthly military pension of $1,002.24 as marital property under our holding in Point II, and $10,-800.00 maintenance in gross payable in the sum of $300.00 per month until paid in full. Nothing in the record indicates that the court failed to take into consideration the factors listed in § 452.330 RSMo 1981 and § 452.335(2) in distributing the couple's marital property and determining wife's need for maintenance. The award cannot be considered deficient for its failure to announce that it was made in accordance with the statutory factors. Fact issues are considered to have been resolved according to the result of the case. *Hegger v. Hegger*, 596 S.W.2d 479, 480 (Mo.App.1980); *Leach v. Leach*, 660 S.W.2d 761, 762 (Mo. App.1983). We find no error in the court's application of the statutory criteria, find the property distribution and maintenance award to be supported by the evidence and, thus, affirm the award as modified.

■ In her final point, wife contends that the trial court's award of $1,000.00 attorneys fees is insufficient. While we are inclined to agree with appellant,[7] we find no evidence in the record of wife's counsel's hours and fees in this cause. We therefore, cannot find that the trial court abused its discretion in its award of attorneys fees. *Schreier v. Schreier*, 625 S.W.2d 644, 650 (Mo.App.1981).

Judgment is affirmed as modified. Rule 84.14.

REINHARD and CRIST, JJ., concur.

---

6. Wife was approximately fifty-two years old at the time of trial. She testified that she was graduated with a bachelor's degree with a major in education, but she neither sought a teaching certificate nor pursued a teaching career. Furthermore, she expressed no interest in obtaining further education to meet the current standards to qualify to teach.

7. Wife states in her brief that attorneys fees of $4,551.50 were incurred on her behalf and that itemized billings were submitted to the court. Our review of the record, however, has failed to disclose evidence of wife's attorney's fees in this cause.