**Deborah J. GIEDINGHAGEN,
Petitioner-Respondent**

v.

**Paul L. GIEDINGHAGEN,
Respondent-Appellant.**

No. 50485.

Missouri Court of Appeals,
Eastern District.

June 17, 1986.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
July 16, 1986.

David N. Morgan, St. Louis, for respondent-appellant.

Leslie V. Freeman, St. Louis, for petitioner-respondent.

SMITH, Judge.

Husband appeals from that part of a judgment of the trial court in a dissolution proceeding which set aside as wife's separate property one item of property. We reverse and remand.

Wife filed her petition for dissolution on September 7, 1983. The parties had separated approximately a year earlier. From the date of separation until the trial wife was employed and self-supporting and received no financial support from husband. She neither sought nor received any maintenance in the dissolution proceeding. On July 7, 1984, wife and a friend, Pamela Strother, purchased an Illinois lottery ticket for $2.00, each contributing one-half the purchase price. The women had an oral agreement to share any winnings, which agreement was subsequently reduced to writing. The ticket was a winner worth $3,761,960 payable at the rate of $188,098 annually for twenty years. Husband and wife settled all issues in the dissolution except the status of the wife's share of the lottery winnings. Husband contends that share was marital property; wife that it is

her separate property. The trial court held the share to be wife's separate property as a matter of law, relying upon *Weast v. Weast*, 655 S.W.2d 752 (Mo.App.1983) [Ftnt. 1] and *Shelor v. Shelor*, 683 S.W.2d 647 (Mo.App.1984) [8].

Section 452.330 RSMo Supp.1984, in pertinent part provides:

"3. All property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property regardless of whether title is held individually or by the spouses in some form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety, and community property. *Each spouse has a common ownership in marital property which vests not later than the time of commencement by one spouse against the other of an action in which a final decree is entered for dissolution of the marriage or legal separation, the extent of the vested interest to be determined and finalized by the court pursuant to this chapter.* The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection 2." (Emphasis supplied).

Subsection 2 provides:

"2. For purposes of Sections 452.300 to 452.415 only, 'marital property' means all property acquired by either spouse subsequent to the marriage except: ...

(3) Property acquired by a spouse after a decree of legal separation; ...."

The emphasized provisions of subsection 3 were added to the statute by amendment in 1981. In making the amendment the general assembly repealed Section 452.330, RSMo 1978, and then reenacted the section with the additional emphasized language. Unless the 1981 amendment establishes the date for determination of marital property status as the filing of the petition for dissolution, the lottery ticket is marital property. In *Weast*, by footnote dicta, and in *Shelor*, by holding, we interpreted the amendment as establishing marital proper-

ty status as of the filing of the petition for dissolution. Those cases at least imply that property acquired by one spouse after that date is not to be considered marital property. In neither *Weast* or *Shelor* were we provided with the background behind the amendment. That background has now been supplied and we conclude that our previous statements in *Weast* and *Shelor* were incorrect.

In *United States v. Davis*, 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 335, (1962) the court dealt with the tax consequences of a property settlement in a divorce action arising in Delaware. The husband there transferred stock held solely in his name to his wife "in full settlement and satisfaction" of her claims and rights against the husband. The Supreme Court held the transfer to be a taxable transfer of property in exchange for release of an independent legal obligation rather than a non-taxable division of property between two co-owners. The thrust of the rationale of the Court was stated as "Regardless of the tags, Delaware seems only to place a burden on the husband's property rather than to make the wife a part owner thereof." 370 U.S. at 70, 82 S.Ct. at 1193.

The effect of the *Davis* decision was to place taxpayers in common law states in a disadvantageous position to similarly situated taxpayers in community property states. Several Supreme Courts in common law states then interpreted their dissolution statutes providing for distribution of property upon dissolution as conferring a "species of co-ownership" upon the marital partners. This "co-ownership" is generally held to be inchoate until the time that a petition for dissolution is filed, in order to maintain the right of each spouse to sell or otherwise dispose of property held in his or her name. Upon the filing of the petition for dissolution, however, the co-ownership vests and the distribution of the property becomes subject to the order of the dissolution court. *Collins v. Oklahoma Tax Commission*, 446 P.2d 290 (Okla.1968); *In re Questions Submitted by United States District Court*, 184 Colo. 1, 517 P.2d 1331

(en banc 1974); *Cady v. Cady,* 224 Kan. 339, 581 P.2d 358 (1978); *Kane v. Kane,* 706 P.2d 676 (Wyo.1985). These interpretations of the state law have satisfied the federal courts of the inapplicability of *Davis* to dissolution litigants in those states. *Collins v. Commissioner,* 388 F.2d 353 (10 Cir.1968); *Collins v. Commissioner,* 393 U.S. 215, 89 S.Ct. 388, 21 L.Ed.2d 355 (1968); *Collins v. Commissioner,* 412 F.2d 211 (10 Cir.1969); *Imel v. United States,* 375 F.Supp. 1102 (D.C.Colo.1974) aff'd., 523 F.2d 853 (10 Cir.1975).

Immediately prior to the *Cady v. Cady, supra,* decision, Kansas amended its statute dealing with distribution of marital property to legislatively reverse *Wiles v. Commissioner,* 499 F.2d 255 (10 Cir.1974) which applied *Davis* to Kansas divorces. Kans.L.1978, ch. 134. The 1981 amendment to the Missouri statute is very nearly identical to the 1978 Kansas amendment with one important difference. When Kansas made its amendment it specifically enacted in the first portion of the subsection a provision that marital property was property "acquired by either spouse after marriage *and before commencement of an action for divorce, separate maintenance, or annulment ....*" (Emphasis supplied). Kans.L.1978, ch. 134 (K.S.A. Sec. 23–201(b) (Cum.Supp.1978)). In Missouri the General Assembly in enacting the 1981 amendment to Sec. 452.330 did not change the definition of marital property and specifically reenacted the first portion of the subsection provision describing such property as "all property" acquired "subsequent to the marriage and *prior to a decree of legal separation ....*" (Emphasis supplied). It further reenacted the provision excluding from marital property "property acquired by a spouse after a decree of legal separation ...." A decree of legal separation includes a decree of dissolution. *Bland v. Bland,* 652 S.W.2d 690 (Mo.App.1983) [8]; *In re Marriage of Schulz,* 583 S.W.2d 735 (Mo.App.1979) [8–11]. In *In re the Mar-*

*riage of Harrison,* 657 S.W.2d 366 (Mo. App.1983) [7], the Southern District stated its understanding that the 1981 amendment "was designed to minimize the impact of *Davis* on Missouri dissolutions after the manner of the Kansas statute ...." We further believe it significant that the potential danger to Missouri residents from the *Davis* decision under the then existing dissolution law was addressed in Stern and Sellers, Property Settlements Upon Divorce: Yours, Mine and the Commissioner's, 48 U.M.K.C.L.Rev. 293 (1980), shortly prior to the 1981 amendment. The article specifically stated: "Returning again to the question of why Missouri does not enjoy hybrid tax advantages, the simple answer is that the Missouri Supreme Court has not yet had the opportunity to declare that a species of common ownership exists. Until the court rules Missouri a hybrid state, *Davis* will apply." *Id.* 1.c. 305.

Given this history we conclude that the 1981 amendment was not intended to change the law that marital property includes any property acquired up to the date of a decree of legal separation or dissolution. We find it instead was intended to minimize the impact of the *Davis* decision on Missouri residents in dissolution proceedings. The similarity of the language used in the 1981 amendment to that utilized in the heretofore cited cases and the Kansas statute is too great to be regarded as coincidence. The amendment serves to establish a species of co-ownership of marital property in the spouses upon the filing of a petition for dissolution or legal separation with the court to determine the division of that co-ownership. This interpretation gives meaning to both the 1981 amendment and the provisions defining marital property, which are otherwise in conflict. It further prevents one spouse from controlling the status of the property through the timing of the filing of a petition for dissolution.[1]

---

1. We need not address the applicability of the 1981 amendment as to "vesting" upon property acquired after filing of the petition and before the decree of dissolution. Whether the vesting of such after-acquired property relates back to the petition filing, or is simply subject to taxation under *Davis,* or is in some other status can be decided if and when necessary. Here we

We do not hold nor intimate that husband here is entitled to any portion of the proceeds of the lottery winnings. The court is to make a *just* distribution of the marital property and in doing so may take into account the contribution of each spouse to the acquisition of the property as well as other considerations. Sec. 452.330.-1. We hold only that the trial court erred in determining as a matter of law that the lottery winnings were the separate property of the wife.

To the extent *Weast v. Weast, supra* and *Shelor v. Shelor, supra,* are inconsistent with this opinion they should no longer be followed.

Judgment holding wife's share of lottery winnings are her separate property is reversed and cause remanded. In all other respects the judgment is affirmed.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.

---

simply conclude it is marital property under the statute.