Sharon Kay NEAL (Formerly
Lloyd), Appellant,

v.

Ronald Rush LLOYD, Respondent.

No. WD 41622.

Missouri Court of Appeals,
Western District.

Oct. 31, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 2, 1990.

Application to Transfer Denied
Feb. 13, 1990.

Michael J. Maloney, Liberty, for appellant.

Dennis J.C. Owens, Kansas City, for respondent.

Before BERREY, P.J., and
TURNAGE and ULRICH, JJ.

BERREY, Judge.

The marriage of the parties was terminated by a default dissolution granted March 29, 1979. The respondent did not make answer nor did he appear at the hearing. The trial judge executed the decree prepared by appellant's counsel, which was submitted to the court five days prior to the hearing ordering the respondent "to pay $40 weekly, per child, starting on the 30th day of March, 1979, for the support of said children."

A review of the original transcript, the legal file and the transcript in the instant case, shows that the trial judge stated he was going to order the respondent to pay $40 per week child support and not $40 per child per week. According to the records and briefs furnished this court the trial judge verbally announced he was ordering respondent to pay "child support in the amount of $40.00 per week; first payment due on the 30th of March, 1979, all as per entry filed."

Appellant raises three points of error. However, it is only necessary to address Point I as it is dispositive of the matter. Appellant alleges the trial court hearing the motion to amend nunc pro tunc erred in accepting the oral pronouncement of the original trial judge to alter that judge's written record by nunc pro tunc order.

Both parties cite *Shelor v. Shelor*, 683 S.W.2d 647 (Mo.App.1984), as authority for their respective positions. *Shelor* stands for the proposition that, "[t]he decretal portion of an order and not mere recitals, findings, memoranda or opinions is controlling. If there is any inconsistency between the recital and the decree, the latter controls." *Id.* at 649.

Both parties next cite *Starrett v. Starrett*, 703 S.W.2d 544 (Mo.App.1986), as also supportive. The court in *Starrett* followed the pronouncement of *Shelor*, "[i]f there is any inconsistency between the recitals and the decree, the latter controls." *Shelor v. Shelor, supra,* 683 S.W.2d at 649.

The respondent attacks the trial court's synonymous use of "oral" and "recital" alleging in his brief that "recital" has but

one meaning vis-a-vis Black's Law Dictionary. On the other hand Webster defines "recital" as "[r]epetition of the words of another" or an "[a]ct of reciting." *Webster's Collegiate Dictionary* 830 (5th ed. 1942).

In *Shelor*, Judge Gaertner refers specifically to "the oral pronouncement of the trial judge." *Shelor v. Shelor, supra,* 683 S.W.2d at 649. *Shelor* also states "Missouri courts have long held that the decretal portion of an order and not mere *recitals....*" *Id.* (emphasis added). This court views "recital" as synonymous with "oral" under this presentation. To stretch the meaning to that given by respondent strains credulity. Black's Law Dictionary defines "Recital" as:

The formal statement or setting forth of some matter of fact, in any deed or writing, in order to explain the reasons upon which the transaction is founded. The recitals are situated in the premises of a deed, that is, in that part of a deed between the date and the *habendum,* and they usually commence with the formal word "whereas."

In pleading, the statement of matter as introductory to some positive allegations, beginning in declaration with the words. "For that *whereas.*"

*Black's Law Dictionary,* 1142 (5th ed. 1979).

In *In re Marriage of Royall,* 569 S.W.2d 369, 371 (Mo.App.1978), the court concluded it was not proper to amend a decree nunc pro tunc to correct a judicial error or to demonstrate what the court should or might have done as apart from what the court in fact did "or to conform to what the court intended to do but did not do." *Id.*

Appellant's Point I is persuasive and the cause is reversed and remanded to strike the nunc pro tunc entry and re-enter the original child support judgment.

All concur.