**Vera M. HANKINS,**
**Petitioner/Respondent,**

v.

**Richard D. HANKINS,**
**Respondent/Appellant.**

**No. WD 44581.**

Missouri Court of Appeals,
Western District.

Feb. 4, 1992.

John E. Chick, Jr., Kansas City, for respondent, appellant.

Gary K. Patton, Liberty, for petitioner, respondent.

Before LOWENSTEIN C.J., and TURNAGE and SPINDEN, JJ.

TURNAGE, Judge.

Vera M. Hankins sought the dissolution of her marriage with Richard D. Hankins. Richard prayed that if a decree were entered that it be in the form of a legal separation. The court entered a decree of legal separation and divided the property. Richard appeals contending that the court erred in valuing a bank account, in awarding Vera a nonmarital interest in real estate, and in dividing an annuity plan and a retirement plan. Affirmed as modified.

The parties were married in February, 1965, and Vera filed her petition in June, 1990. Richard is a machinist with TWA and Vera is self-employed as a day care provider for children. The court set off a nonmarital interest to Vera in a house and lot and awarded the entire property to Vera. The court divided a great deal of marital property including household furnishings, bank accounts, IRA accounts, and Richard's annuity and pension plans. The only questions on this appeal relate to the division of property.

■ Richard first contends the court erred in assigning a value of $4,200.00 to a bank account at Metro North State Bank. Richard contends that such account did have a balance of $4,200.00 after Vera had withdrawn approximately one-half of the account, but states that the balance at the time of trial was $272.60. Richard contends the balance at the time of trial and not the balance at the time of separation should have been used by the court in assigning values to the property divided.

Richard's contention is correct under the holding in *Taylor v. Taylor*, 736 S.W.2d 388, 391[2] (Mo. banc 1987). In *Taylor*, the court held that the proper date for valuing marital property is the date of trial. The court erred in assigning a value of $4,200.00 to the account when the value at the time of trial was $272.60.

Richard next contends the court erred in awarding Vera a nonmarital interest of 70.5% of the equity in a house and lot located at 7 Northeast 86th Terrace. The percentage set off by the court had a value of $38,775.00. The court found that insurance proceeds received as a result of a fire to property located at 313 Lacy were invested in the 86th Terrace property. The Lacy property was acquired by Vera in a previous dissolution. After Vera and Richard were married Vera caused the Lacy property to be placed in their joint names as tenants by the entirety. Vera stated that she did this to protect her daughter. After the Northeast 86th Terrace property was purchased the Lacy property was sold and the court found that because money from the Lacy property was invested in the 86th Terrace property, Vera acquired a nonmarital interest in the 86th Terrace property in proportion to the amount realized from the Lacy property which contributed to the purchase of the 86th Terrace property. The court relied upon the source of funds rule.

■ When separate property is placed in joint names, it is deemed that a gift has been made by the owning spouse to the other and the property is transformed into marital property unless there is clear and convincing evidence to the contrary. *Layton v. Layton*, 673 S.W.2d 462, 464[6–8] (Mo.App.1984). When Vera transferred the title to the Lacy property to Richard and herself as tenants by the entirety she is deemed to have made a gift to Richard and transformed the property from separate to marital unless there is clear and

convincing evidence to the contrary. The only explanation given by Vera was that she transferred the title to herself and Richard to protect her daughter. This explanation is totally irrelevant because instead of protecting the daughter, the transfer would deprive the daughter of any interest in the property in the event Vera predeceased Richard. Such explanation is not clear and convincing evidence of an intent not to make a gift to Richard so as to transform the Lacy property from separate to marital property.

By virtue of the transfer of title to Vera and Richard as tenants by the entirety the Lacy property lost its status as nonmarital property belonging to Vera and became marital property. Thus, the use of proceeds from fire insurance payable for damage to the Lacy property did not represent nonmarital property but represented marital property.[1] Vera had no nonmarital interest in the 86th Terrace property to be set off and the court erred in assigning Vera an interest of $38,775.00 in the 86th Terrace property as being Vera's nonmarital interest.

Richard finally contends that the court erred when it awarded him all of the pension plan with TWA and awarded 50% of his annuity plan to Vera. Richard contends that he has a life expectancy of 16.8 years and that it would take him that long to draw out the full value of his pension plan while Vera will be able to realize income from the annuity immediately.

It is not clear from the record but it would appear that the annuity plan is subject to withdrawal by Richard at any time he chooses after reaching age 55. Richard was 61 at the time of trial and it would appear that he could exercise his right to begin receiving the annuity at any time. Although the record again is not clear, it would seem that if he could start drawing the annuity, Vera could start also. In short, from the record available it would seem that either party could begin drawing the annuity at any time.

In dividing marital property the court is vested with considerable discretion and this court will interfere only if the division is found to be an abuse of discretion. *Breda v. Breda*, 788 S.W.2d 769, 771[1–3] (Mo.App.1990). No abuse of discretion is found in dividing the annuity and awarding the pension to Richard.

The court divided marital property in the total sum of $354,518.00. Subtracting the $3,928.00 which the court included but which was not in the bank account at the time of trial, and adding the $38,775.00 which was erroneously awarded to Vera as nonmarital property, results in a total marital estate of $389,365.00. The court awarded Richard 47.8% of the marital property and Richard has not complained about that proportion. Applying the 47.8% to the marital estate results in Richard's share being $186,224.00. In the decree Richard received $16,666.00 less than he is entitled to receive under the correct total value of marital property.

The judgment is modified and this cause is remanded to the trial court with direction to amend the decree by modifying paragraph XVII to reflect a balance of $272.00 in account number 0171549 at Metro North State Bank rather than $4,200.00 and to amend paragraph XV(c) to eliminate the awarding to Vera of a nonmarital interest of $38,775.00. The court is further directed to modify the decree to award Richard the sum of $16,666.00 to be paid by Vera.

The costs on this appeal are divided with two-thirds to be paid by Vera and one-third by Richard.

All concur.

---

1. The fire proceeds were payable to Vera and Richard jointly and deposited in a joint checking account in their names.