**Beverly Jean LEWIS, Respondent,**

v.

**Oral Dean LEWIS, Appellant.**

**No. WD 55112.**

Missouri Court of Appeals, Western District.

Oct. 27, 1998.

Before SPINDEN, P.J., and ULRICH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Oral Dean Lewis appeals the judgment of the circuit court dissolving his marriage to the respondent, Beverly Jean Lewis, as it pertains to its division of the parties' marital property. The appellant raises one point on appeal, claiming that the trial court erred in dividing two marital bank accounts because in doing so it erroneously applied § 452.330,[1] RSMo Supp.1997, in that it valued the accounts as of the date of the parties' final separation rather than the date of trial, resulting in an unjust distribution of marital property.[2]

We reverse and remand.

### Facts

The parties were married on August 16, 1995. After their marriage, they opened two bank accounts at Bank Midwest bearing both their names, account numbers 4100816310 and 4101844458. The parties separated on five or six occasions following their marriage. On April 12, 1996, the respondent filed a petition for dissolution of marriage in the Circuit Court of Nodaway County, seeking, *inter alia*, a fair and equitable division of the marital property. On April 23, 1996, the appellant filed his answer and cross-petition also seeking a fair and equitable division of the parties' marital property. After the petitions had been filed, the parties attempted reconciliation, which was unsuccessful, and separated for the final time on or about March 7, 1997.

A hearing to dissolve the parties' marriage was held on August 22, 1997, in the Circuit Court of Nodaway County before the Honorable John C. Andrews. At trial, the appellant testified that as of August 22, 1997, the balance of bank account number 4100816310 was $217.88, and the balance of bank account

Mark H. Wissehr, St. Joseph, for Appellant.

Janet Wake Larison, Grant City, for Respondent.

1. All statutory references are to RSMo 1994, unless otherwise indicated.

2. Although the appellant, in his point relied on, claims that the trial court's valuation of the bank accounts was against the weight of the evidence, in reading his argument it is evident that he is claiming only that the court erroneously applied the law in valuing the accounts as of the date of the parties' separation.

number 4101844458 was $7,000. The court admitted into evidence computer printouts offered by the respondent showing that as of March 7, 1997, the date of the parties' final separation, the balance of bank account number 4100816310 was $6,457, and the balance of bank account number 4101844458 was $5,777. The respondent testified that she had no knowledge of the balances of the accounts as of August 22, 1997, and offered no explanation as to why.

On October 6, 1997, the trial court entered its judgment dissolving the parties' marriage. In its judgment, the court valued bank account number 4100816310 at $6,457, and bank account number 4101844458 at $5,777, the values of the accounts at the time of separation. The court awarded the two bank accounts to the appellant and, to make the property division just, ordered him to pay $10,244 to the respondent.

This appeal follows.

## Standard of Review

 " '[A] [p]rovision[] in a divorce decree [as to the division of marital property] will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law.' " *Crews v. Crews,* 949 S.W.2d 659, 663 (Mo.App.1997) (*quoting Allen v. Allen,* 927 S.W.2d 881, 885 (Mo.App.1996)). "The burden of demonstrating error is on the party challenging the divorce decree." *Id.* at 663.

## I.

In his sole point on appeal, the appellant claims that the trial court erred in dividing two marital bank accounts because in doing so it erroneously applied § 452.330, RSMo Supp.1997,[3] in that it valued the accounts as of the date of the parties' final separation rather than the date of the trial, resulting in an unjust distribution of marital property. As to this claim, the respondent does not dispute the fact that "the appropriate date

for valuing marital property in a dissolution proceeding is the date of trial," *Romkema v. Romkema,* 918 S.W.2d 294, 298 (Mo.App. 1996) (*citing Taylor v. Taylor,* 736 S.W.2d 388, 391 (Mo. banc 1987)); *Witt v. Witt,* 930 S.W.2d 500, 505 (Mo.App.1996), and not the date of the parties' separation. *Hankins v. Hankins,* 823 S.W.2d 161, 162 (Mo.App.1992). Instead, in valuing the bank accounts for the purpose of dividing the parties' marital property, she contends that the trial court was free to disbelieve the appellant's testimony regarding the values of the accounts as of the date of the trial as not being credible and rely on her evidence as to the value of the accounts as of the date of separation.

The appellant testified that as of the time of trial on August 22, 1997, the balance of bank account number 4100816310 was $217.88, and the balance of bank account number 4101844458 was $7,000. The respondent testified that she had no knowledge of the balances of the accounts as of the time of trial. Instead, she offered computer printouts showing the balances of the accounts as of the date of the parties' final separation on March 7, 1997. Thus, the appellant's testimony was the only direct evidence presented to the court regarding the balances of the bank accounts as of the trial date.

 The respondent is correct in contending that the trial court was free to disbelieve the appellant's testimony concerning the balances of the bank accounts as of the date of the trial, even though it was uncontradicted. *Alexander v. Alexander,* 956 S.W.2d 957, 960 (Mo.App.1997). However, the trial court is "prohibited from entering a valuation of … property not supported by any evidence at trial." *Brennan v. Brennan,* 955 S.W.2d 779, 783 (Mo.App.1997); *Bidstrup v. Bidstrup,* 750 S.W.2d 712, 713 (Mo.App. 1988). As such, if the trial court disbelieved the appellant's testimony, as the respondent contends it should have and did, then there was no direct evidence before it from which to determine the values of the bank accounts

---

**3.** Section 452.330, RSMo Supp.1997, governing the division of marital and nonmarital property, provides, in pertinent part, that "[i]n a proceeding for dissolution of the marriage or legal separation … the court shall set apart to each spouse such spouse's nonmarital property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors…."

as of the time of trial, as required. However, the respondent contends that the appellant had the burden of presenting credible evidence as to the values of the bank accounts as of the time of trial and because he did not do so, the trial court, by default, could rely on her evidence of the values of the accounts as of the time of separation in determining their values as of the time of trial. Her contention is flawed in several respects.

First, the respondent appears to incorrectly assume that the appellant had the burden of producing credible evidence of the values of the bank accounts as of the time of trial to allow the court to make a just division of the marital property. However, the law is well settled that both parties in a dissolution proceeding "bear an equal burden to present evidence as to the value of marital property." *In re Marriage of Julian,* 868 S.W.2d 182, 186–87 (Mo.App.1994). As such, it was not solely the appellant's burden to produce credible evidence as to the values of the bank accounts as of the time of trial.

Second, the respondent claims that if the trial court chose to disbelieve the appellant's testimony, then it could rely on her evidence as to the values of the bank accounts as of the time of separation in valuing the accounts as of the time of trial. While it may be true that this evidence could be relevant to the determination of the values of the accounts at the time of trial, that would only be the case where there was evidence from which the trial court could determine what activity had occurred as to those accounts between the time of separation and the time of trial. In this case, since the trial court found that the bank accounts were valued the same at the time of trial as at the time of separation, there would have to have been evidence from which it could have inferred that either: (1) there was no account activity between the time of separation and trial; or, (2) there was account activity, but such activity resulted from one of the spouses secreting or squandering marital assets causing the court to hold that spouse liable for the secreted or squandered amounts by awarding them to

the other spouse. *Witt,* 930 S.W.2d at 505. Our review of the record indicates that it is devoid of any such evidence.

In this case, the only direct evidence of the account balances as of the time of trial was the appellant's testimony.[4] Thus, in finding that the values of the bank accounts at the time of trial were the same as the values of the bank accounts at the time of separation, the trial court either: (1) misapplied the law, as the appellant contends; or (2) disbelieved the testimony of the appellant and, by default, relied on the respondent's evidence of the account balances at the time of separation. As to the first scenario, if the trial court erroneously applied the law and valued the bank accounts at the time of separation rather than at the time of trial, we would be required to reverse and remand, as the appellant contends. As to the second scenario, as discussed, *supra,* the trial court's reliance on the respondent's evidence would have been appropriate provided there was evidence in the record which established what account activity had occurred between the time of separation and trial. Such was not the case. Thus, under either of our two scenarios, we are required to reverse and remand for the limited purpose of allowing the trial court to determine the values of the bank accounts as of the time of trial, including receiving additional evidence, if necessary, and render a just division of the parties' marital property accordingly.

## Conclusion

For the foregoing reasons, the judgment of the trial court dissolving the marriage of the parties as to the division of marital property is reversed and the cause remanded for further proceedings consistent with this opinion.

All concur.

---

4. The record would seem to indicate that the appellant was testifying as to the values of the bank accounts from bank statements or records, but that these records were never offered into evidence by either the appellant or the respondent.