■ JOYCE BECKERMAN, Appellant-Respondent, v RICHARD BECKERMAN, Respondent-Appellant.—In an action for a divorce and an ancillary relief, the parties appeal and cross-appeal, as limited by their briefs, from stated portions of a judgment of the Supreme Court, Nassau County (Christ, J.), entered March 1, 1984, which, inter alia, valued the parties' marital assets at approximately $1,930,000, granted the wife a distributive award of cash and property totaling $670,087 and awarded the wife $700 per week maintenance for a five-year period.

Ordered that the judgment is affirmed insofar as appealed from and cross-appealed from, with costs to the appellant-respondent.

In this matrimonial action, the primary issue on appeal is whether the court properly valued the parties' marital assets

at $1,930,000, including a valuation of $1,100,000 for the defendant husband's closely held corporation, Expertype, Inc. Experts testified for both parties as to the fair market value of Expertype, Inc. and each expert also submitted a written report. Their valuations ranged from $582,208 to $3,431,571.

Both parties now agree that the value of the corporation should be ascertained by the method known as capitalization of earnings, one of the several methods employed by the parties' experts. In affirming the court's valuation, this court has also looked to Internal Revenue Service's Revenue Ruling 59-60 (IRS, Internal Revenue Bulletin [1959], at 237; *see, Kaye v Kaye*, 102 AD2d 682; *Muller v Muller*, 116 Misc 2d 660; *Nehorayoff v Nehorayoff*, 108 Misc 2d 311).

The wife contends that under the capitalization of earnings method, Expertype, Inc. has a fair market value of $2,699,938. However, an examination of the testimony and report by her expert reveals several flaws which account for this greater valuation. In the first step of the valuation process, the corporation's net income over a five-year minimum period is adjusted. Here, the wife's expert drastically increased the net income of Expertype, Inc. by, for example, adding back the cost of many reasonable business expenses. Her expert then eliminated the second step of the process, which involves the calculation of a weighted average of the adjusted net income over the period examined. The expert based his valuation only upon the adjusted net income for the year in which the divorce action was commenced. Finally, the wife's expert employed a capitalization rate of approximately 12½% which is not suitable for a relatively young business in a highly competitive industry.

By (1) making fewer adjustments to the net income, (2) calculating a weighted average of the adjusted net income from 1977 to 1981, (3) employing a capitalization rate of 20 to 25%; and (4) applying a 30% discount for lack of marketability and loss of a key man, the fair market value of Expertype, Inc. approximately equals the figure found by the trial court.

Nevertheless, the trial court made several errors and omissions in its calculation of the parties' remaining assets, including an erroneous valuation of the husband's accrued pension at approximately $330,000 instead of the stipulated value of $40,000. Therefore, the approximate value of the marital assets should have been determined to be approximately $1,640,000. The award of $670,087 in cash and property represents approximately 35% of the erroneously calculated value

of the marital assets, but represents over 39% of the properly calculated value of the marital assets. Nonetheless, under the circumstances, and in view of the applicable considerations (Domestic Relations Law § 236 [B] [5] [d] [1]-[10]), we find that an award of 39% of the assets would be fair and equitable, and, therefore, we sustain the award made.

The wife was also awarded maintenance of $700 per week for a period of five years. Although permanent maintenance could possibly have been awarded, the wife made no such request at trial and sought maintenance for only a five-year period. In any event, the sizeable cash distributive award can provide her with a permanent supplement to her income.

We further find that no modification to the judgment need be made to provide for the payment of experts' fees and insurance costs, because with the distributive award, the wife's funds and income are adequate to meet those expenses (see, Domestic Relations Law § 236 [B] [8]; § 237; see also, Sementilli v Sementilli, 102 AD2d 78, 91).

Although the court could have directed the payment of interest (see, CPLR 5001), and could have awarded arrears from the date of service of the application for maintenance (see, Evangelista v Evangelista, 111 AD2d 904), again, the wife made no such requests at trial.

With regard to the wife's claim that the court failed to direct the husband to provide for the daughter's college education, we note that the husband has stated that he will stipulate with the wife to continue to pay college expenses.

Finally, the court did not abuse its discretion when it declined to hear testimony offered on the value of household work, although such testimony, if needed for an assessment of a party's equitable share, would generally be admissible (see, De Long v County of Erie, 60 NY2d 296, 307, 308). Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.