■ ROCHELLE KOPELS, Appellant, v DAVID KOPELS, Respondent.—In a matrimonial action, in which the parties were divorced by judgment dated November 21, 1977, the plaintiff wife appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Berkowitz, J.), dated June 21, 1985, as, after a hearing, modified a previous order of the same court (Lerner, J.), dated October 19, 1978, which modified the judgment of divorce, by deleting therefrom the provision directing the defendant husband to pay child support of $40 per week for each of the parties' two children and substituting therefor a provision directing the plaintiff to pay $75 per week for support of each of the children.

Ordered that the order is modified, on the facts and as an exercise of discretion, by reducing the child support the plaintiff must pay to $40 per week per child. As so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In October 1984, the plaintiff voluntarily relinquished physical custody of the parties' children to the defendant. The defendant subsequently moved, *inter alia,* for an award of child support to be paid by the plaintiff. We note that the plaintiff is college educated and has been gainfully employed, earning in the range of $17,000 to $20,000 annually for the past several years. The defendant is a school teacher earning approximately $30,000 annually.

Of critical concern in such a proceeding are the needs of the children and the relative financial resources of the custodial parent and noncustodial parent. Applying these standards to the case at hand, total weekly payments of $150 for support of the parties' two children are excessive.

The plaintiff's remaining contentions have been examined and found to be without merit. Bracken, J. P., Niehoff, Eiber and Sullivan, JJ., concur.