■ DIANE ULLAH, Respondent-Appellant, v ABRAHAM UL-LAH, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Kings County (Rigler, J.), entered November 17, 1988, which, inter alia, adjudged that the parties' $8 million New York State Lottery award constituted marital property and equitably distributed that award into two equal shares, and the plaintiff wife cross-appeals from so much of the same judgment as denied her application for counsel fees and limited the award of child support for the parties' two children to the amount of $7,500 per year per child.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff Diane Ullah and the defendant Abraham Ullah were married in April 1983. This union produced one daughter, Lauren Elizabeth, who was born in October 1984, and Mr. Ullah adopted his wife's daughter Marianne, who was the product of the plaintiff's previous marriage. Marianne, born in April of 1976, suffers from Turner's Syndrome, a genetic disorder which is manifested by numerous physical symptoms which has necessitated special medical and educational treatment.

The Ullahs' marriage was apparently rather stormy. In November 1986 however, during a period of relative calm, Mr. Ullah purchased a New York State Lottery "Lotto" ticket which proved to be an $8 million winner, payable in 21 annual installments of approximately $380,000 each before taxes. Within months after winning this prize both parties resigned from their respective employments.

The record indicates that the parties jointly determined the manner in which they disposed of much of the initial Lotto installment received in December 1986. Indeed, gifts were made to both parties' respective families and friends and the defendant conceded at the trial that the lottery prize, which was won on a wager of a marital dollar, was considered by him to constitute joint income. On the instant appeal, however, the defendant now argues that the lottery award is his separate property which is not subject to equitable distribu-

tion. While the defendant advances several creative arguments, they are nonetheless devoid of merit.

Pursuant to Domestic Relations Law § 236 (B) (1) (c), marital property is defined, in pertinent part, as "all property acquired by either or both spouses during the marriage * * * regardless of the form in which title is held". Consistent with the legislative intent to treat modern marriages as economic partnerships (see, 1980 NY Legis Ann, at 129-130), clearly the unambiguous, plain meaning of Domestic Relations Law § 236 (B) (1) (c) mandates that a lottery jackpot, including future payments, the right to which arose during the marriage by virtue of the efforts of one spouse, and upon a wager of marital funds, constitutes marital property subject to equitable distribution (see, Jordan v Jordan, NYLJ, Aug. 20, 1985, at 11, col 6; cf., Kobylack v Kobylack, 110 Misc 2d 402, mod 96 AD2d 831, revd on other grounds 62 NY2d 399; see also, Giedinghagen v Giedinghagen, 712 SW2d 711 [Mo]; Burden v Burden, Ohio Ct App, Auglaize County, Oct. 7, 1987, McBride, J.).

Moreover, contrary to the defendant's contentions, the instant lottery award is not separate property in the nature of a gift or an inheritance (see, Domestic Relations Law § 236 [B] [1] [d] [1]). Indeed, by the defendant's own admission the parties treated their winnings as joint income, and in reliance upon that joint income, both quit their jobs. Thus, by the parties' own conduct (see, Brown v Brown, 148 AD2d 377), this award was clearly considered marital property. The defendant's remaining contentions in this regard are similarly without merit.

Furthermore, we find that the Supreme Court did not improvidently exercise its discretion in awarding half of the Lotto winnings to the plaintiff. While a guiding principle of equitable distribution is that parties are entitled to receive equitable awards which are proportionate to their contributions to the marriage (see, Price v Price, 69 NY2d 8; Arvantides v Arvantides, 64 NY2d 1033; Thomas v Thomas, 145 AD2d 477), in the instant case the contributions each spouse made prior to winning the prize have little relevance to the manner in which the lottery jackpot should be distributed. This award was won through sheer luck, against odds of 12,913,583 to 1. As Justice Rigler aptly recognized, this enormous return required "little effort or investment". As it was predominately the result of fortuitous circumstances and not the result of either spouse's toil or labor, we find that an equal division of this jackpot was entirely appropriate.

We further find that the court correctly denied the plaintiff's application for an award of counsel fees. In light of the equal division of the lottery award, the parties enjoy equivalent financial positions *(see, Bomser v Bomser,* 151 AD2d 538). Mrs. Ullah clearly possesses sufficient funds from which to pay her own attorney *(see, Beckerman v Beckerman,* 126 AD2d 591; *Amodio v Amodio,* 122 AD2d 757, *affd* 70 NY2d 5).

There is no merit to the plaintiff's claim that the child support award was insufficient in light of the defendant's alleged increased earning power. As the court correctly noted, child support is a shared responsibility which must be determined in light, *inter alia,* of the needs of the children and the parents' financial resources *(see, Kopels v Kopels,* 126 AD2d 609). In the case at bar, obviously the parties possess significant resources and there is no indication in the record that any of the children's financial needs will go unfulfilled. Accordingly, at this time there is no reason to disturb the court's award of child support. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.