260 N.J. Super. 501 (1992)
616 A.2d 1350
ROSEANNE DEVANE, PLAINTIFF,
v.
DONALD C. DEVANE, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part Morris County.
Decided September 29, 1992.
*502 Robert J. Olejar for plaintiff (Olejar & Olejar, attorneys).
George E. Sabbath for defendant (Sabbath, Struble, Ragno, Petrie & Oroho, attorneys).

OPINION
GANNON, J.S.C.
This matter arises on defendant husband's pre-trial motion for a determination as to whether present and future annual installment payments of New Jersey State lottery winnings payable to the plaintiff wife are an asset of the marriage and subject to equitable distribution under N.J.S.A. 2A:34-23.
The parties were married on October 25, 1974 and throughout the marriage they commingled their respective earnings and assets. The parties routinely deposited the majority of their marital earnings into a joint checking account with the remaining balance being kept in a cash drawer at home available to each of them for miscellaneous personal and household expenses, including the purchase of lottery tickets.
In October, 1987 the plaintiff purchased with these funds a winning New Jersey lottery ticket worth $3,600,000 payable in *503 annual installments of $182,500 which she has continued to deposit in a separate account in her name alone. On the day following the plaintiff's winning the lottery, the defendant quit his job as an ironworker and has not worked a day since. The plaintiff has continued her employment as a police dispatcher.
The complaint for divorce in this action was filed on October, 18, 1990.
The defendant argues that this court should make a pre-trial determination as to asset eligibility of the lottery winnings and allocate the percentage attributable to each spouse for equitable distribution purposes.
The plaintiff wife argues that N.J.S.A. 2A:34-23.1 requires that a determination as to whether an asset qualifies as a marital asset subject to equitable distribution should not be made by the court prior to trial.
N.J.S.A. 2A:34-23 defines marital property for the purposes of equitable distribution as:
[P]roperty, both real and personal, which was legally and beneficially acquired by them or either of them during the marriage. However, all such property, real, personal or otherwise, legally or beneficially acquired during the marriage by either party by way of gift, devise or intestate succession, shall not be subject to equitable distribution except that interspousal gifts shall be subject to equitable distribution ...
As a matter of statutory construction, the clear and unambiguous language of N.J.S.A. 2A:34-23 mandates a determination that the lottery winnings in the instant case are a marital asset subject to equitable distribution since they were acquired by a party during the marriage and this fortuitous event has not been specifically excepted by Legislature from the statute.
In determining equitable distribution the court is required to follow the three step process set forth in Rothman v. Rothman, 65 N.J. 219, 320 A.2d 496 (1974). In that case Justice Mountain noted that:
In reviewing and considering evidence designed to equip him to make an equitable distribution of marital assets, a Trial Judge enters upon a three step *504 proceeding. Assuming that some allocation is to be made, he must first decide what specific property of each spouse is eligible for distribution. Secondly, he must determine its value for purposes of such distribution. Thirdly, he must decide how such allocation can most equitably be made. Id. at 232, 320 A.2d 496.
This three step process has been incorporated by the Legislature in the statutory scheme in N.J.S.A. 2A:34-23.1 which requires that:
... [I]n every case, the court shall make specific findings of fact on the evidence relative to all issues pertaining to asset eligibility or ineligibility, asset valuation, and equitable distribution ...
Neither this statute nor the cases decided since Rothman v. Rothman, supra, address at which point in a dissolution case the determination should be made as to the eligibility or ineligibility of a particular asset for equitable distribution purposes.
In the absence of any legislative or judicial restriction this court finds no reason to defer the determination as to asset eligibility for equitable distribution purposes by pre-trial motion. The public policy of the State of New Jersey is to encourage the early settlement of cases between litigants. The determination of eligibility for equitable distribution of any particular asset, where possible prior to trial, should encourage the early settlement of cases.
This court finds that the defendant is entitled to a pre-trial determination that the New Jersey State lottery winnings payable to his wife, which were the result of her fortuitous purchase of a lottery ticket during the marriage and prior to the filing of a complaint for divorce, are a marital asset subject to equitable distribution under N.J.S.A. 2A:34-23.
This specific issue does not appear to have been previously addressed by the courts in New Jersey. However, cases in other jurisdictions are instructive on the issue presented in this case. The courts in these jurisdictions, interpreting statutes similar to the New Jersey statute, have universally held that lottery winnings are a marital asset subject to equitable distribution. Ullah v. Ullah, 161 A.D.2d 699, 555 N.Y.S.2d 834 (1990); Smith v. Smith, 162 A.D.2d 346, 557 N.Y.S.2d 22 (1990); *505 Giedinghagen v. Giedinghagen, 712 S.W.2d 711 (Mo. App. 1986); Alston v. Alston, 85 Md. App. 176, 582 A.2d 574 (1990); In re Marriage of Mahaffey, 206 Ill. App.3d 859, 151 Ill.Dec. 638, 564 N.E.2d 1300 (1990); Nuhfer v. Nuhfer, 410 Pa.Super. 380, 599 A.2d 1348 (1991);
The defendant's pre-trial application to establish the percentage allocation of the asset, however, is premature and should await a trial pursuant to N.J.S.A. 2A:34-23.1. This application for a pre-trial determination as to allocation is inappropriate because it requests that the court resolve equitable distribution piecemeal without regard to the contributions of each party to the marriage, other statutory factors set forth in N.J.S.A. 2A:34-23.1, case precedents and the equitable principles which guide this court.
Accordingly the defendant's motion to determine the eligibility of the lottery winnings as an asset subject to equitable distribution is granted. The pre-trial application to determine the percentage allocation of this marital asset for equitable distribution purposes is denied.