■ KIMBERLY A. CAMPBELL, Respondent, v TERRY M. CAMPBELL, Appellant. [624 NYS2d 493] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff and 10 co-workers agreed that they would take turns purchasing a lottery ticket and that, if any one of them purchased a winning ticket, the proceeds would be shared in 11 equal shares. Plaintiff purchased a lottery ticket on at least one prior occasion, but it was not a winner. A co-worker purchased a winning lottery ticket on October 7, 1992. The jackpot prize was $4.5 million. Because of the policy of the New York State Lotto Commission to recognize only one winner per ticket, the co-worker obtained a Federal taxpayer identification number in the name of a trust and prepared a trust agreement for the disbursement of the lottery proceeds to all 11 co-workers. The trust agreement acknowledges the prior agreement of the parties, and all 11 co-workers executed the trust agreement.

Plaintiff commenced this action for divorce in 1993. Defendant counterclaimed for divorce and moved for an order enjoining and restraining plaintiff from spending or transferring her interest in the lottery proceeds. Defendant maintained that the lottery proceeds were marital property subject to equitable distribution. Supreme Court determined that the co-worker who purchased the winning lottery ticket was under no legal duty to share the proceeds with her co-workers, that the agreement to disburse a share of the proceeds to plaintiff constituted a gift, and that the gift constituted plaintiff's separate property.

An agreement to share the proceeds of a lottery is a valid and enforceable agreement (see, Johnson v Johnson, 191 AD2d 257; Yates v Tisdale, 3 Edw Ch 71; see generally, Annotation, Enforceability of Contract to Share Winnings from Legal Lottery Ticket, 90 ALR4th 784). An oral agreement to share proceeds that will be paid over a period of several years does not contravene the Statute of Frauds (see, Pando v Fernandez, 118 AD2d 474; 90 ALR4th, op. cit., at 797-798). The oral agreement of the co-workers was sufficiently definite to be enforced (see, Pearsall v Alexander, 572 A2d 113 [DC Cir]), and the court erred in concluding that the co-worker who pur-

chased the winning ticket was under no legal duty to share the proceeds. Moreover, there is no evidence in the record of donative intent. It is undisputed that the co-worker acted pursuant to the oral agreement.

Domestic Relations Law § 236 (B) (1) (c) defines marital property as "all property acquired by either or both spouses during the marriage and before * * * commencement of a matrimonial action, regardless of the form in which title is held." Thus, property acquired during the marriage is presumptively marital property, and plaintiff had the burden of showing that it was separate property *(see, McSparron v McSparron,* 190 AD2d 74, 77; *Sclafani v Sclafani,* 178 AD2d 830, 831; *Heine v Heine,* 176 AD2d 77, 83, *lv denied* 80 NY2d 753). Courts have universally held that the proceeds of a winning lottery ticket acquired by a spouse during the marriage constitute marital property *(see, Ullah v Ullah,* 161 AD2d 699, *lv denied* 76 NY2d 704; *Lynch v Lynch,* NYLJ, Nov. 10, 1988, at 28, col 1; *Jordan v Jordan,* NYLJ, Aug. 20, 1985, at 11, col 6; *In re Marriage of Morris,* 266 Ill App 3d 277, 640 NE2d 344; *In re Marriage of Mahaffey,* 206 Ill App 3d 859, 564 NE2d 1300; *In re Marriage of Swartz,* 512 NW2d 825 [Iowa]; *Alston v Alston,* 85 Md App 176, 582 A2d 574, *affd* 331 Md 496, 629 A2d 70; *DeVane v DeVane,* 260 NJ Super 501, 616 A2d 1350; *Giha v Giha,* 609 A2d 945 [RI]). That principle applies to instances where one spouse contributed with third persons to a pool of funds used to purchase lottery tickets and one of the tickets was a winner *(see, Smith v Smith,* 162 AD2d 346, *lv denied* 77 NY2d 805; *Giedinghagen v Giedinghagen,* 712 SW2d 711 [Mo]; *Nuhfer v Nuhfer,* 410 Pa Super 380, 599 A2d 1348). The agreement of the co-workers constituted a pooling arrangement, and plaintiff's share of the proceeds constitutes marital property *(see, Smith v Smith, supra; Ullah v Ullah, supra).* Thus, we modify the order on appeal by vacating that part denying defendant's motion and by determining that plaintiff's share of the lottery proceeds constitutes marital property.

Because the court determined that the proceeds were separate property, it did not consider whether plaintiff should be enjoined from transferring or otherwise disposing of the proceeds and whether the proceeds should be placed in escrow pending the distribution of marital property. We remit this matter to Supreme Court for determination of defendant's motion. (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Equitable Distribution.) Present—Denman, P. J., Lawton, Fallon, Balio and Boehm, JJ.