■ DAVIES EDWIN, Respondent, v VALSA ARACKAL, Appellant, et al., Defendant. [659 NYS2d 880] —Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered August 14, 1996, after a nonjury trial, *inter alia*, declaring that plaintiff is entitled to 50% of all past and future proceeds from the winning Lotto ticket that defendant redeemed as sole claimant in 1987, unanimously affirmed, without costs.

The trial court's finding that the parties had an oral agreement to share the proceeds of the Lotto ticket equally is supported by a fair interpretation of the evidence and should not be disturbed on appeal (*Thoreson v Penthouse Intl.*, 80 NY2d 490, 495). All of the parties' family members testified to such an agreement with plaintiff, plaintiff's brother and relative explaining that defendant was listed as the sole claimant on the ticket in order to avoid delay in receiving payment and that plaintiff agreed to this arrangement based on defendant's promise to share the proceeds equally. Also, it is undisputed that plaintiff purchased the ticket; that defendant gave plaintiff only six numbers even though each dollar ticket requires two sets of six numbers; that plaintiff and defendant both signed the ticket; that defendant paid plaintiff exactly one-half of the first lottery proceeds in 1987; that defendant's annual payments to plaintiff until 1993 far exceeded any of the "gifts" she made to other family members; that defendant never wrote "gift" on plaintiff's checks, as she had done on most of the other gift checks she gave to other family members; and that three of the checks contained the notation "NYTL" with the year beside it. There is no merit to defendant's claim that the alleged agreement is barred by the Statute of Frauds (*see, Campbell v Campbell*, 213 AD2d 1027, 1027-1028). Concur—Rosenberger, J. P., Nardelli, Rubin, Williams and Mazzarelli, JJ.