■ SAU THI MA, Respondent, v XUAN T. LIEN et al., Appellants. [688 NYS2d 524] —Judgment, Supreme Court, New York County (Edward Greenfield, J.), entered June 3, 1998, upon a jury verdict, awarding plaintiff the total sum of $3,601,534.01, and bringing up for review an order, same court and Justice, entered June 8, 1998, denying defendants' motion to set aside the verdict as, *inter alia*, against the weight of the evidence, and an order, same court (Louise Gruner-Gans, J.), entered September 16, 1997, granting plaintiff's motion for imposition

of sanctions pursuant to CPLR 3126 to the extent of precluding defendants from offering at trial an audiotape of a conversation with plaintiff, unanimously affirmed, with costs.

In this action to determine the true owner of certain winning lottery tickets and the proceeds attributable thereto, the jury verdict finding the tickets to be the rightful property of plaintiff was supported by the weight of the credible evidence, particularly when the trial evidence is viewed, as it must be on appeal, in the light most favorable to the prevailing party (*see, Beth Israel Hosp. N. v Castle Oil Corp.*, 220 AD2d 257, *lv dismissed in part and denied in part* 87 NY2d 891). We note in this connection the proof at trial indicating that the winning lottery numbers had been derived from the medicaid card of plaintiff's mother and the testimony of various nonparty witnesses substantially corroborative of plaintiff's version of the relevant events. Defendants' case, on the other hand, was supported only by the uncorroborated testimony of a single interested witness.

The IAS Court's pretrial order precluding defendants from offering at trial an audiotape of a conversation with plaintiff was an appropriate sanction in view of the fact that the principal defendant twice denied the existence of the recording under oath and finally produced it only when its existence was subsequently established during a nonparty deposition. Defendants' claim that, the preclusion order notwithstanding, they should have been permitted to use the audiotape for impeachment purposes, is unpreserved.

Finally, we perceive no error in the manner in which the trial was conducted. The trial court's questions to the witnesses were permissible to clarify testimony otherwise susceptible of being misconstrued by the jury, and its charge, viewed as a whole, did not marshal the evidence in an unbalanced way.

We have reviewed defendants' remaining contentions and find them unavailing. Concur—Sullivan, J. P., Wallach, Lerner, Mazzarelli and Buckley, JJ.