550 S.E.2d 580

**Angela J. THOMAS, Appellant,**

v.

**Kevin M. THOMAS, Respondent.**

No. 3348.

Court of Appeals of South Carolina.

Heard April 2, 2001.
Decided May 29, 2001.
Rehearing Denied Aug. 22, 2001.

James T. McLaren and C. Dixon Lee, III, of McLaren & Lee, of Columbia; and Timothy S. Mirshak, of Augusta, GA, for appellant.

Thomas P. Murphy, of Smith & Murphy, of North Augusta; and Robert L. Widener, of McNair Law Firm, of Columbia, for respondent.

CURETON, Judge:

In this divorce action, Angela J. Thomas (the wife) appeals from the family court's identification of marital debt and award of equitable distribution. We affirm.

## FACTS

The wife and Kevin M. Thomas (the husband) were married in May of 1992. No children were born to the marriage; however, both parties were previously married and have children from their prior marriages. Each party was forty years old at the time of trial. Neither party complained of significant health problems.

During the marriage, the wife was employed as a clerk at the Veterans Administration Hospital in Augusta, Georgia, earning approximately $19,800 annually. The Husband had been employed at D.S.M. Chemical for approximately seventeen years and was earning between $40,000 and $50,000 per

year at the time of the marriage. In 1993, the parties purchased a home in Belvedere, South Carolina.

The wife testified she purchased lottery tickets in Georgia beginning in 1993 or 1994 with her pocket money from her earnings. The husband testified the wife's pocket money, like his, came from the parties' joint account. The husband claimed he originally purchased their lottery tickets, but when the parties moved to their new home, it was more convenient for the wife to pick up the tickets.

In August of 1995, the wife won approximately $9,000,000 in the Georgia Lottery payable in twenty annual installments. The husband testified the parties agreed to claim the proceeds in the wife's name to prevent the husband's ex-wife from requesting additional child support.

After winning the lottery, the wife immediately terminated her employment. The husband terminated his employment approximately one year later. At the time of the hearing, the husband intended to resume employment.

The parties spent over $40,000 of the lottery proceeds to make improvements to the marital home, which was titled solely in the husband's name. The parties opened joint investment accounts, funding them with lottery proceeds. They also purchased a $225,000 home on Lake Thurmond. The parties jointly titled the lake property following their practice of treating the lottery funds as jointly owned funds.

The parties also used the lottery funds to make several loans to family members. The bulk of the loans had not been repaid at the time of the hearing. In a separate civil action in the Court of Common Pleas, the husband's mother, Nancy June Thomas, alleged the parties entered into an agreement with her to fund her retirement out of the lottery proceeds. The husband admitted the alleged indebtedness. The wife disputed her involvement but admitted her mother-in-law quit her job based on the husband's promise. The husband continued to work for one year and paid his mother's retirement out of his employment earnings. The parties then paid the retirement out of the lottery proceeds until just before their separation.

The wife testified the husband abused alcohol throughout the marriage. The husband admitted attending counseling with the wife, during which he admitted he drank too much. The parties also had problems throughout the marriage arising from their respective children.

On or about November 4, 1997, the husband had been drinking and the parties argued. The wife poked the husband in the eye. The husband knocked her arm away from him, slapping the wife in the face. He then pushed away from the kitchen table, knocking a chair through the window. The parties separated the date of this incident.

Although the parties filed joint tax returns throughout the marriage, the wife filed a 1997 "Single" tax return, claiming the lottery installment for that year as individual income and paying the taxes. Shortly after the separation, the wife instituted this action against the husband seeking, among other things, a divorce on the ground of physical cruelty or, in the alternative, an order of separate maintenance. The husband answered, denying the wife was entitled to a divorce on the ground alleged in her complaint, and counterclaimed seeking, among other things, the identification, valuation, and equitable distribution of marital property. At trial, the family court granted the husband leave to amend his complaint to include a plea for divorce on the ground of continuous separation for one year.

By order dated June 9, 1999, the family court granted the husband a divorce on the ground of one year continuous separation and divided the marital estate, including the remaining lottery proceeds, equally between the parties.[1] The family court concluded the debt to the husband's mother was a marital debt and ordered the husband to be solely responsible for the payment thereof. With the exception of issues not pertinent to this appeal, the wife's post-trial motion for reconsideration was denied. This appeal followed.

On appeal, the wife asserts the family court erred in failing to award her a larger share of the marital estate. Specifically, she asserts the court erred (1) in failing to properly apply the relevant statutory factors in determining equitable division of

---

1. At the time of the hearing, the parties were entitled to fifteen annual lottery payments of $447,000 and a final payment of $485,000.

the lottery proceeds, and (2) in considering the alleged agreement to fund the retirement of the husband's mother as a marital debt.

## STANDARD OF REVIEW

In appeals from the family court, this Court has the authority to find the facts in accordance with its own view of the preponderance of the evidence. *Rutherford v. Rutherford,* 307 S.C. 199, 414 S.E.2d 157 (1992). This broad scope of review does not, however, require this Court to disregard the findings of the family court. *Stevenson v. Stevenson,* 276 S.C. 475, 279 S.E.2d 616 (1981). Neither are we required to ignore the fact that the trial court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Woodall v. Woodall,* 322 S.C. 7, 471 S.E.2d 154 (1996).

## DISCUSSION

### Lottery Proceeds

The wife argues the family court erred in awarding the husband 50% of the marital property, in particular, the lottery proceeds. We disagree.

The apportionment of marital property is within the family court's discretion and will not be disturbed on appeal absent an abuse of discretion. *Murphy v. Murphy,* 319 S.C. 324, 461 S.E.2d 39 (1995). South Carolina Code Annotated Section 20–7–472 (Supp.2000) lists fifteen factors for the court to consider in making an equitable apportionment of the marital estate. The statute vests in the family court the discretion to decide the weight to assign to the various factors. Even if the family court fails to specifically address each of the factors set forth in the apportionment statute, the award will be upheld on appeal if it can be determined that the family court addressed the factors with sufficiency for an appellate court to conclude the family court was cognizant of the required factors. *Walker v. Walker,* 295 S.C. 286, 368 S.E.2d 89 (Ct.App.1988). On review, this Court looks to the overall fairness of the apportionment, and if the end result is equitable, that this Court might have weighed specific factors differ-

ently than the family court is irrelevant. *Johnson v. Johnson,* 296 S.C. 289, 372 S.E.2d 107 (Ct.App.1988).

The wife correctly notes that in reaching its determination as to equitable distribution of the lottery proceeds, the family court applied the principles espoused in *Ullah v. Ullah,* 161 A.D.2d 699, 555 N.Y.S.2d 834 (1990). In *Ullah* the New York Supreme Court determined that lottery proceeds represent a fortuitous windfall not created by the efforts of either party; therefore, it divided the proceeds equally among the parties without consideration of equitable factors governing distribution.

*Ullah* represents one of two distinct views that have emerged concerning the equitable distribution of lottery proceeds. The other view, represented by *Alston v. Alston,* 331 Md. 496, 629 A.2d 70 (1993), "holds that the court should apply the factors guiding equitable distribution of all other assets to arrive at an appropriate distribution decision." *DeVane v. DeVane,* 280 N.J.Super. 488, 655 A.2d 970, 971 (1995).

The wife asserts that rather than applying the fortuitous circumstances rule, the family court should have applied the statutory factors relevant to an award of equitable distribution. We agree with the wife that in determining the equitable division of the lottery proceeds, the statutory factors generally guiding equitable distribution of marital property, as enumerated in section 20–7–742, should be applied. We decline, however, to reverse the family court's equitable distribution award.

It is evident from the family court's order that the court was cognizant of the statutory factors. The court stated: "[t]hose factors were considered by the court in arriving at its decision" regarding equitable distribution of the marital assets aside from the lottery proceeds. The court specifically made findings of fact regarding the length of the marriage, the age and health of the parties, the parties' respective work and educational histories, their prior support obligations, and the wife's allegation as to alcohol and physical abuse on the husband's part as contributing factors in the breakdown of the marriage.

The wife further argues consideration of the third statutory factor mandates an award to her of greater than fifty percent

of the lottery proceeds because she purchased the lottery ticket. The third statutory factor requires the consideration of each spouse's contribution to the "acquisition, preservation, depreciation, or appreciation in value of the marital property ... [including] the quality of the contribution as well as its factual existence." S.C.Code Ann. § 20–7–472(3) (Supp.2000). However, there was evidence that the purchase of lottery tickets by both parties utilizing marital funds was a continuous course of action throughout the marriage. Until their separation, the parties treated the lottery proceeds as marital property. The mere fact the wife purchased the winning ticket does not convince us she made a special contribution entitling her to a larger share of the lottery proceeds.

Applying the family court's consideration of the statutory factors to the division of the lottery proceeds, we hold an equal distribution was fair and equitable under the facts and circumstances of this case.

### Debt Owed to the Husband's Mother

The wife also asserts the family court erred in considering the alleged agreement to retire the husband's mother as marital debt.[2] Specifically, the wife asserts the husband was awarded a larger share of the marital estate to offset the obligation to his mother. We find no reversible error.

Marital debt is debt incurred for the joint benefit of the parties regardless of whether the parties are legally jointly liable for the debt. *Hardy v. Hardy,* 311 S.C. 433, 429 S.E.2d 811 (1993). In equitably dividing a marital estate, the family court is to consider the net estate, and must apportion marital debt in conjunction with the apportionment of assets. *Id.* The same rules of fairness and equity which apply to the equitable division of marital property also apply to the division of marital debts. *Id.*

The family court stated in the divorce decree that "[a]ny alleged indebtedness owing by the parties to [the husband's mother] constitutes a marital indebtedness and is a debt incurred for the joint benefit of the parties...." However, at

---

2. We render no opinion whether the family court had jurisdiction to consider the claim of the husband's mother that was pending in circuit court.

the hearing on the wife's motion for reconsideration, the court ruled it did not rely on the alleged agreement in determining the award of equitable distribution. At the request of the husband, the court's oral ruling was incorporated into the order denying the wife's motion to reconsider. There is no indication the family court increased the husband's share of the marital estate to accommodate the debt. Thus, any error in classifying the debt as marital was harmless, causing no prejudice to the wife. Our review of the record convinces us the family court's equal division of the net marital estate was fair and equitable.

For the foregoing reasons, the decision of the family court is **AFFIRMED.**

HEARN, C.J., and SHULER, J., concur.