■ Ivy M. Johnson, Appellant-Respondent, v Derman L. Spence, Also Known as Derman L. Spencer, Respondent-Appellant. [730 NYS2d 334] —In an action, *inter alia,* to recover damages for breach of an oral agreement, (1) the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated March 8, 2000, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss her causes of action to recover damages based upon breach of an oral agreement, and from so much of an order of the same court, dated September 28, 2000, as denied her cross motion for leave to depose the defendant prior to service of his answer, and (2) the defendant cross-appeals from a decision of the same court, dated July 11, 2000, and, as limited by his brief, from so much of an order of the same court, dated August 4, 2000, as granted the plaintiff's motion for leave to renew and reargue, and upon renewal and reargument, granted the plaintiff's cross motion for leave to amend the complaint to add a cause of action to recover damages for conversion. The appeal from the order dated March 8, 2000, brings up for review so much of the order dated August 4, 2000, as, upon renewal and reargument, adhered to the original determination granting that branch of the defendant's motion which was to dismiss the causes of action to recover damages based upon breach of an oral agreement (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated March 8, 2000, is dismissed, as that order was superseded by the order dated August 4, 2000, made upon renewal and reargument; and it is further,

Ordered that the cross appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order dated August 4, 2000, is modified, on the law, by deleting the provision thereof, upon renewal and reargument, adhering to so much of the order dated March 8, 2000, as granted that branch of the defendant's motion which was to dismiss the causes of action to recover damages based upon breach of an oral agreement, and substituting therefor a provision denying that branch of the defendant's motion; as so

modified, the order dated August 4, 2000, is affirmed insofar as appealed and cross-appealed from, and the order dated March 8, 2000, is modified accordingly; and it is further,

Ordered that the appeal from the order dated September 28, 2000, is dismissed as academic; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff and the defendant, who lived together from 1998 to 1999, allegedly had agreed to purchase lottery tickets jointly and to share the proceeds of any winning ticket equally. In July 1999 a winning lottery ticket was purchased, and the defendant claimed the $7,000,000 prize for himself.

Thereafter, the plaintiff commenced this action, alleging, *inter alia*, causes of action to recover damages based upon breach of the oral agreement, and claimed that she was entitled to one-half of the proceeds of the lottery prize. The defendant moved to dismiss the causes of action to recover damages based upon breach of the oral agreement pursuant to, *inter alia*, CPLR 3211 (a) (7), arguing that no such oral agreement existed. The plaintiff cross-moved for leave to amend her complaint to add a cause of action to recover damages for conversion, claiming that she had purchased the winning ticket with her funds and that the defendant had taken the ticket and redeemed it unbeknownst to her. The Supreme Court granted that branch of the motion which was pursuant to CPLR 3211 (a) (7) to dismiss the breach of oral agreement claims and denied the cross motion. The plaintiff then moved for leave to renew and reargue, and submitted an affidavit from the store clerk who sold the winning ticket stating that the plaintiff purchased it. Upon renewal and reargument, the Supreme Court granted the plaintiff's cross motion for leave to amend the complaint to add a cause of action for conversion, but adhered to its original determination dismissing the breach of oral agreement claims.

The Supreme Court erred in dismissing the plaintiff's causes of action to recover damages based on breach of the oral agreement. The plaintiff's allegations, which must be taken as true (*see, Cron v Hargro Fabrics,* 91 NY2d 362, 366; *Auguston v Spry,* 282 AD2d 489), state a valid cause of action for breach of an oral agreement to share the proceeds of the winning lottery ticket (*see, Edwin v Arackal,* 241 AD2d 335; *Campbell v Campbell,* 213 AD2d 1027; *Pando v Fernandez,* 118 AD2d 474; *cf., Maffea v Ippolito,* 247 AD2d 366). Since the branch of the defendant's motion to dismiss the complaint was not converted to a motion for summary judgment, the plaintiff was not required to make an evidentiary showing in support of her

complaint (*see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 635-636; *Smuckler v Mercy Coll.,* 244 AD2d 329). Therefore, dismissal of the causes of action based upon breach of an oral agreement on the ground that the plaintiff failed to prove the existence of the agreement was improper. Furthermore, where a motion to dismiss a complaint pursuant to CPLR 3211 has not been converted to a motion for summary judgment, affidavits submitted by the plaintiff may be used to remedy an inartfully pleaded complaint, but affidavits from the defendant seldom may be used to defeat a claim (*see, Rovello v Orofino Realty Co., supra*).

Contrary to the defendant's contention, the Supreme Court, upon renewal and reargument, properly granted the plaintiff's cross motion for leave to amend the complaint (*see,* CPLR 2221 [d], [e]). Moreover, the plaintiff could have amended her complaint as of right, since the defendant's motion to dismiss the complaint, which extended his time to answer the complaint, also extended the plaintiff's time to amend the complaint (*see,* CPLR 3025 [a]; *STS Mgt. Dev. v New York State Dept. of Taxation & Fin.,* 254 AD2d 409, 410).

The defendant's contention that the plaintiff's claims are barred by the Statute of Frauds is without merit (*see, Edwin v Arackal, supra; Campbell v Campbell, supra*).

The plaintiff's cross motion for leave to depose the defendant prior to service of his answer has been rendered academic, as the defendant has served an answer (*see,* CPLR 3106).

The parties' remaining contentions are without merit. O'Brien, J. P., Altman, Luciano and Adams, JJ., concur.