■ IVY M. JOHNSON, Respondent, v DERMAN L. SPENCE, Also Known as DERMAN L. SPENCER, Appellant. [759 NYS2d 337] —In an action, inter alia, to recover damages for breach of an oral agreement, the defendant appeals from a judgment of the Supreme Court, Kings County (Douglass, J.), dated January 17, 2002, which, upon a jury verdict, is in favor of the plaintiff and against him in the total sum of $2,177,646.80.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff punitive damages in the sum of $100,000; as so modified, the judgment is affirmed, with costs to the plaintiff.

On the parties' prior appeal, we determined, inter alia, that the plaintiff's complaint stated a cognizable cause of action for breach of an oral agreement to share lottery winnings (*Johnson v Spence,* 286 AD2d 481 [2001]). Contrary to the defendant's contentions, the jury verdict finding that there was indeed such an oral agreement, and that the defendant breached that agreement when he furtively claimed the winnings in his name alone, is amply supported by the record (*see Sau Thi Ma v Xuan T. Lien,* 260 AD2d 258 [1999]; *Edwin v Arackal,* 241 AD2d 335 [1997]; *Nicastro v Park,* 113 AD2d 129 [1985]). However, we agree with the defendant that the plaintiff has no viable cause of action to recover damages for conversion independent of her breach of contract claim (*see Wolf v National Council of Young Israel,* 264 AD2d 416 [1999]; *Fiorenti v Central Emergency Physicians,* 305 AD2d 453 [2003]). Accordingly, she may not recover punitive damages (*see New York Univ. v Continental Ins. Co.,* 87 NY2d 308 [1995]).

The defendant's remaining contentions are without merit. S. Miller, J.P., Krausman, Luciano and Mastro, JJ., concur.