THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Cassandra Robinson, Respondent,
v.
Alvin Robinson, Appellant.
 
 
 

Appeal From Aiken County
 Peter R. Nuessle, Family Court Judge

Unpublished Opinion No. 2005-UP-193
Submitted February 1, 2005  Filed March 15, 2005

AFFIRMED AS MODIFIED

 
 
 
Leon Edward Green, of Aiken, for Appellant.
Vicki Johnson Snelgrove, of Aiken, for Respondent.
 
 
 

PER CURIAM:  This is an appeal from an order of the family court.  The Husband appeals from the portion of the order regarding the marital debt, the valuation of the marital property, and the award of attorneys fees to Wife.  We affirm as modified.
FACTS
The parties married on September 10, 1994.  Three children were born into the marriage.  In July 2002, Wife brought this action, seeking separate support and maintenance, custody of the couples three minor children, alimony, an equitable property division, and attorneys fees.  Husband did not file an answer.  At trial, Wifes motion to amend to seek a divorce was granted.  The family court issued an order denying Wifes claim for alimony but granting the divorce, an equitable distribution of marital property, and awarding custody of the children to Wife together with child support.  The order further required Husband to contribute to the Wifes attorneys fees.  Additionally, the court ordered Husband to be responsible for the 1997 tax obligation. 
STANDARD OF REVIEW
In appeals from the family court, the court of appeals has jurisdiction to find the facts in accordance with its view of the preponderance of the evidence. Rutherford v. Rutherford, 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992).  Although this court may find facts in accordance with our own view of the preponderance of the evidence, we are not required to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. Woodall v. Woodall, 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996). Our broad scope of review does not relieve appellant of his burden to convince this court the family court committed error.  Skinner v. King, 272 S.C. 520, 522-23, 252 S.E.2d 891, 892 (1979).
LAW/ANALYSIS
I.  The Tax Debt
Husband argues the family court committed error by failing to include as marital debt the tax liabilities accrued during 1997, 1998, 1999, 2000, and 2001.[1]  As an initial matter, we note that the challenge in connection with years 1998 through 2001 is not preserved for review.  The final order addressed only the 1997 tax liability.  Husband did not file a motion to reconsider pursuant to Rule 59, SCRCP.[2]  See Washington v. Washington, 308 S.C. 549, 551, 419 S.E.2d 779, 781 (1992) (where the Husband did not raise issues to the family court at trial or through a motion to amend the judgment pursuant to Rule 59(e), SCRCP, the issues were not properly before the appellate court for review).
The family court rejected Husbands argument that the 1997 tax liability to the Internal Revenue Service was a marital debt subject to equitable apportionment.  We agree with Husband that the family court erred in this regard.
Marital property for purposes of the South Carolina Equitable Apportionment of Marital Property Act is defined in section 20-7-473 of the South Carolina Code (Supp. 2004) as all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation . . . .  In making an equitable apportionment, the family court should consider any other existing debts incurred by the parties or either of them during the course of the marriage.  S.C. Code Ann. § 20-7-472(13) (Supp. 2004). Debts incurred for marital purposes are subject to equitable distribution.  Jenkins v. Jenkins, 345 S.C. 88, 103, 545 S.E.2d 531, 539 (Ct. App. 2001).  Marital debt has been defined as debt incurred for the joint benefit of the parties regardless of whether the parties are legally jointly liable for the debt or whether one party is legally individually liable.  Thomas v. Thomas, 346 S.C. 20, 27, 550 S.E.2d 580, 584 (Ct. App. 2001).   The 1997 tax liabilityincurred from Husbands 1997 marital earningswas clearly incurred . . . during the course of the marriage, and the parties unwillingness or inability to ascertain the precise amount of this debt prior to the commencement of marital litigation is of no moment for classification purposes.  
In this matter, after identifying and valuing the various items of marital and non-marital propertyexclusive of the 1997 tax liabilitythe family court apportioned the marital property equally between the parties.  The 1997 tax liability was, to be sure, acquired during the marriage within the meaning of section 20-7-473, and it is presumptively marital debt. We have reviewed the record and find, as Husband avers, the 1997 tax liability constitutes marital debt and is subject to apportionment. 
The 1997 tax liability is $5,465.98.  We modify the equitable division award to reflect an equal apportionment of this additional marital debt.[3]  Each party would, therefore, be responsible for $2,732.99, rounded to $2,733.  We thus reduce the amount owed to Wife to effect an equal division of the marital estate to $22,905 ($25,638 minus $2,733).  Husband shall pay to Wife a minimum of $500 per month until the amount is paid in full.    
II.  Valuation of the Marital Property
Husband contends the family court erred in valuing the marital residence and the 1994 Volvo truck.  We disagree.
Husband contends the family court erred in valuing the marital residence at $145,000.  We disagree.  Wife valued the residence at $145,000 and admitted the deed and related documents to support her valuation.  The Husband valued the residence at approximately $131,000.  The family court, which saw and heard the testimony and evidence presented by both Husband and Wife as to the value of the marital residence, valued the marital residence at $145,000.  We find no abuse of discretion in the family court establishing this amount as the value for equitable apportionment purposes.
Husband also claims the family court erred in valuing the 1994 Volvo tractor truck.  We disagree.  Wife presented testimony, admitted without objection, valuing the 1994 Volvo tractor truck at $10,845.  The record reflects the husband offered no other valuation of the truck.  We find the family court did not abuse its discretion in accepting Wifes valuation of the Volvo truck, especially in the absence of a contrary value from Husband.
Husband alleges the family court erred in not including a leaf and six chairs, which are in the possession of Wife, as marital assets.  We disagree.  Nothing in the record indicates whether Husband made this request at trial, nor does he cite the record to support this claim in his brief.   Husband offered no testimony as to this specific piece of personal property at the family court hearing, and the family court order does not mention this specific item.  Moreover, no Rule 59 motion was filed with the family court addressing this piece of personal property.  Therefore, this issue is not properly before this court.  See Zaman v. S.C. Bd. of Med. Examrs, 305 S.C. 281, 285, 408 S.E.2d 213, 215 (1991) (holding this court will not consider any fact not appearing in the record on appeal).   
III.  Admission of Documents
Husband alleges the family court erred in admitting the income and expense reports from Husbands employer into evidence to establish his income.  Moreover, Husband argues the family court erred in admitting the deed and related documents associated with the former marital residence.  We disagree.
As to the income and expense reports of Husbands employer, Rule 7, SCRFC, provides certain documents shall be admissible without requiring that the persons or institutions issuing the documents or statements be present in court.  Rule 7(e) allows admissibility of a written statement of an employer showing wages either weekly or monthly for a given period of time and W-2 statement, income tax returns and other reports of like nature.  We find no abuse of discretion in the admission of the income and expense reports to calculate the income of Husband, as the documents fit comfortably within the parameters of Rule 7(e).
As to the deed and related mortgage documents admitted in evidence over Husbands objection, we find no abuse of discretion in their admission.  Rule 902 of the South Carolina Rules of Evidence allows admission of deed and mortgage documents as self-authenticating documents.  The deed and other documents are those documents authorized by law to be recorded in a public office, and therefore, fall within the purview of Rule 902.  See S.C. Code § 30-9-30 (Supp. 2004); Rule 803(14),
SCRE. 
IV.  Attorneys Fees
Husband argues the family court abused its discretion in awarding attorneys fees to Wife.  We disagree.
An award of attorneys fees lies within the sound discretion of the family court and will not be disturbed on appeal absent an abuse of discretion.  Bowen v. Bowen, 327 S.C. 561, 563, 490 S.E.2d 271, 272 (Ct. App. 1997).  The family court, in determining whether to award attorneys fees, should consider each partys ability to pay his or her own fees, the beneficial results obtained, the parties respective financial conditions, and the effect of the fee on the parties standard of living.  E.D.M. v. T.A.M., 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).  In determining the reasonable amount of attorneys fees to award, the court should consider the nature, extent, and difficulty of the services rendered, the time necessarily devoted to the case, counsels professional standing, the contingency of compensation, the beneficial results obtained, and the customary legal fees for similar services.  Glasscock v. Glasscock, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).  The family court appropriately considered these factors. 
The family court further noted Husbands recalcitrance and lack of good faith.  Husband filed no answer, made no good faith efforts to negotiate a settlement, was not truthful on his financial declaration as to his income, and forced Wifes attorney to go through the efforts of obtaining a foreign subpoena to obtain his income records.  The family court order reflects other similar negative findings concerning Husbands lack of good faith in the family court litigation.  Husbands lack of cooperation throughout the process clearly burdened Wifes counsel with considerable efforts that would have otherwise been unnecessary. We find no abuse of discretion in the award of attorneys fees to Wife.
CONCLUSION
The order of the family court is
AFFIRMED AS MODIFIED.
HEARN, C.J., KITTREDGE and WILLIAMS, JJ., concur.

[1] Husband did not file an answer.  Rule 17(a), SCRFC, provides in part that a non-answering defendant may be heard at the merits hearing on issues of . . . equitable distribution.  We need not decide the extent of the privilegeto be heardavailable to a non-answering defendant in family court in connection with the equitable distribution of the marital estate, for Husbands efforts to classify the purported tax liabilities as marital debt were not challenged at trial.  Rule 15(b), SCRCP, which is applicable in family court, provides that issues tried with the consent of the parties shall be treated in all respects as if they had been raised in the pleadings. 
[2] Rule 59, SCRCP, is applicable in family court pursuant to Rule 2,
SCRFC.
[3] Although the 1997 tax liability is apportioned between the parties for equitable division purposes, we direct that Husband shall remain solely responsible for this obligation to the taxing authorities.